IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for DORAL BANK<br><br>Plaintiff<br><br>vs<br><br>ESTATE OF DANIEL ROSA OQUENDO, composed by ANA MILAGROS CARRERAS ROSA, in her dower interest, YARITZA ROSA CARRERAS, ARIEL ROSA CARRERAS, YAMILKA ROSA CARRERAS, JOSE LUIS ROSA REYES, DANIEL ROSA REYES, FULANO DE TAL, FULANA DE TAL, SUTANO DE TAL, A,B,C, as unknown heirs; ANA MILAGROS CARRERAS ROSA, HON. SECRETARY OF THE PUERTO RICO DEPARTMENT OF TREASURY; NATIONAL LIFE INSURANCE COMPANY; MULTINATIONAL LIFE INSURANCE COMPANY<br><br>Defendants | CIVIL 15-1935CCC |

**OPINION AND ORDER**

Before the Court is plaintiff Federal Deposit Insurance Corporation as Receiver of Doral Bank's ("FDIC-R") Motion to Dismiss the Counterclaims (**d.e. 9**) filed on November 21, 2016, defendant Ana Milagros Carreras Rosa's ("Carreras Rosa") opposition (d.e. 11) filed on December 23, 2016, and FDIC-R's reply (d.e. 12). For the reasons set forth below, the Court **DENIES** FDIC-R's Motion to Dismiss the Counterclaims.

## I.   FACTUAL BACKGROUND

On April 13, 2010, Doral Bank, five years before the appointment of FDIC as Receiver, commenced a collection of monies and foreclosure action against defendants Daniel Rosa Oquendo, Ana Milagros Carreras Rosa and the conjugal partnership constituted between them in the Commonwealth of Puerto Rico Court of First Instance, Fajardo Part.  (d.e. 1-4, State Court Complaint). At the time this original complaint was filed, Daniel Rosa Oquendo had been deceased for over eight months.[1]

On October 10, 2010, Carreras Rosa filed both an answer to the complaint and a counterclaim in the Commonwealth court alleging that, as part of an agreement between Doral and her spouse Daniel Rosa Oquendo, Doral was paid a sum for a life insurance policy for Rosa Oquendo in addition to each of the monthly installments of the mortgage loan.  (d.e. 1-3).  Carreras Rosa claims that: (1) Doral managed and processed all matters related to her husband's life insurance policy during the term of the mortgage loan while he lived; and (2) Doral breached this agreement by not having the life insurance policy in effect during the term of the loan and while her husband lived.

Subsequent to the counterclaim, Doral filed on October 26, 2011 a third party complaint against National Life Insurance Company and on March 15, 2013, it amended the same to include Multinational Life Insurance Company. On that same date, Doral amended its foreclosure complaint before the Commonwealth court to substitute Daniel Rosa Oquendo by his Estate,

---

[1] Daniel Rosa Oquendo passed away on August 2, 2009.  (d.e. 12-8, Daniel Rosa Oquendo Death Certificate).

CIVIL 15-1935CCC          3

composed by his widow Ana Milagros Carreras Rosa and his five children Yaritza Rosa Carreras, Ariel Rosa Carreras, Yamilka Rosa Carreras, José Luis Rosa Reyes and Daniel Rosa Reyes, and John Does, as unknown heirs. On November 6, 2013, Carreras Rosa filed an amended answer and a counterclaim against Doral and cross claims against the insurance companies. (d.e. 1-4). Defendants Yaritza Rosa Carreras, Ariel Rosa Carreras, Yamilka Rosa Carreras and José Luis Rosa Reyes, four out of the five heirs of Daniel Rosa Oquendo, filed an answer to the amended complaint, a counterclaim against Doral and cross claims against the insurance companies on February 26, 2014. (d.e. 1-6, pp. 3-13).

On February 27, 2015, FDIC was appointed receiver of Doral Bank.[2] On May 15, 2015, it filed a Motion for Substitution of Party and to Stay Proceedings before the Commonwealth court. (d.e. 1-3). On July 15, 2015, FDIC-R removed the state action to this Court pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1442(a)(1) (d.e. 1) and requested a stay of the proceedings "until such a time, if any, when the administrative requirements under FIRREA are timely exhausted by the claimants and the Court acquires subject matter jurisdiction over the claim." (d.e. 2). The case was stayed until April 4, 2016 or for sixty (60) days after the disallowance of claims, whichever date came first. (d.e. 4). The stay was lifted by the Court on November 14,

---

[2]Doral Bank was closed by the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico on the same date. By operation of federal law, the FDIC, as receiver, succeeded to all of Doral's rights, titles, powers, privileges, assets, and liabilities, including Doral's interests and status as a party in this pending action. *See* 12 U.S.C. §§ 1821(d)(2)(A) and 1821(d)(2)(B).

CIVIL 15-1935CCC                         4

2016. (d.e. 7). FDIC-R now moves to dismiss defendants' counterclaims on the ground that their claims are barred due to failure to timely file the administrative claims before it (**d.e. 9**).

**II.     DISCUSSION**

FDIC-R contends that the Court lacks jurisdiction to entertain the counterclaims since defendants failed to exhaust the mandatory administrative claims process provided for in the Financial Institution Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1811 et seq. FIRREA establishes a mandatory administrative claims review process that must be exhausted by every claimant seeking payment from the assets of the failed institution. 12 U.S.C. § 1821(d)(13)(D). If the administrative process is not completed, a judicial bar will be imposed on "any claim that seeks payment or determination of rights from the assets of the failed institution, for which the [FDIC] has been named receiver." *Id.*; *see also Lloyd v. FDIC*, 22 F.3d 335, 337 (1st Cir. 1994); *Marquis v. FDIC*, 965 F.2d 1148, 1153 (1st Cir. 1992).

The Office of the Commission of Financial Institutions appoints the FDIC as receiver of a failed bank in Puerto Rico. *See* P.R. Laws Ann. tit. 7, § 2001 et seq. Once FDIC is appointed as receiver, it must promptly **publish** a newspaper notice to the failed bank's creditors to present their claims, together with proof, to the receiver by a date specified in the notice. 12 U.S.C. § 1821(d)(3)(B)(i). This date, which is known as the "claims bar date," shall not be less than ninety days after the publication of such notice. *FDIC v. Kane*,

148 F.3d 36, 38 (1st Cir. 1998) (citing 12 U.S.C. § 1821(d)(3)(B)).  The statute requires that notice be republished twice, approximately one and two months after its initial publication.  12 U.S.C. § 1821(d)(3)(B)(ii).  In addition to this general notice publication, the statute requires that the receiver **mail** a notice similar to the published notice to any creditor shown on the closed institution's books **or** "upon discovery of the name and address of a claimant not appearing on the institutions books within 30 days after discovery of such names and addresses."  12 U.S.C. § 1821(d)(3)(C)(ii).

After FDIC was appointed receiver, it published the required notice by edict on March 6, 2015 to all Doral creditors in two different local newspapers, El Vocero and El Nuevo Día.  This initial publication was made ninety days before the claims bar date.  It twice republished the notice on April 6, 2014 and on May 5, 2015 in compliance with the notice requirements of 12 U.S.C. § 1821(d)(3)(C)(i).  (d.e. 9-1; d.e. 12-2 to d.e. 12-7).  However, FDIC-R did not comply with the mail notice required by 12 U.S.C. § 1821(d)(3)(C)(ii) for it did not **mail** notice to the known defendants in the Commonwealth case, that is, to the members of the Estate of Daniel Rosa Oquendo composed by his widow Ana Milagros Carreras Rosa and his children Yaritza Rosa Carreras, Ariel Rosa Carreras, Yamilka Rosa Carreras, José Luis Rosa Reyes and Daniel Rosa Reyes.  The only notice **mailed** by FDIC-R was to the deceased Daniel Rosa Oquendo, who at the time FDIC-R had been substituted as **plaintiff** in the foreclosure Commonwealth action, per its request, was not a party to that action.

CIVIL 15-1935CCC                6

FDIC-R made the following statements in its Motion for Substitution of Party in the foreclosure action before the Commonwealth court on May 15, 2015:

> In the case herein, there is a counterclaim against Doral Bank, which the FDIC has assumed as a result of Doral Bank's closing.
>
> The FDIC is appearing exclusively in relation to the counterclaim filed against Doral Bank.

(d.e. 1-3, Motion for Substitution of Party). At the time that the FDIC-R requested that it be substituted as plaintiff, the only counterclaimants were the widow and heirs of the deceased. FDIC-R knew that the "claimants" were the members of the Estate of Daniel Rosa Oquendo, not Rosa Oquendo. The caption of the foreclosure action in which the FDIC-R requested to be substituted as plaintiff was *Doral Bank v. the Estate of Daniel Rosa Oquendo* and the counterclaimants in that case were the members of the Estate, that is, the widow Ana Milagros Carreras Rosa and five children Yaritza Rosa Carreras, Ariel Rosa Carreras, Yamilka Rosa Carreras, José Luis Rosa Reyes and Daniel Rosa Reyes.

> FIRREA mandates, at Section 1821(d)(3)(C):
>
> The receiver shall mail a notice similar to the notice published under subparagraph (B)(i) at the time of such publication to any creditor shown on the institution's books—
>
> (i)   at the creditor's last address appearing in such books; or
>
> **(ii)  upon discovery of the name and address of a claimant not appearing on the institution's books within 30 days after the discovery of such name and address.**

12 U.S.C. § 1821(d)(3)(C)(emphasis ours).

>The Fifth Circuit has explained:
>
>FIRREA seeks the efficient and expedient handling of claims. Efficiency and expediency, however, are not justifications for vitiating the primary purpose of FIRREA. Congress intended to establish a scheme for **fairly** adjudicating claims against failed financial institutions. It did not structure a system for the sandbagging of valid claims. **The statute is not to be used as an easy means of avoiding consideration of claims on their merits**.

*Whatley v. Resolution Tr. Corp*, 32 F.3d 905, 909-10 (5th Cir. 1994) (emphasis ours). The concurring opinion in *Whatley* stated that "[i]n the case of a claimant with a suit pending when the receiver is appointed, . . . if the receiver fails to give notice of the claims-filing deadline as required under § 1821(d)(3)(C), it lacks authority to determine the claim under § 1821(d)(3)(A); the Due Process Clause requires **mailed** notice to a claimant known to the receiver by virtue of his having filed suit against the institution before the appointment of the receiver; [and] [f]or such claimants, publication of notice (which is sufficient for unknown claimants) is constitutionally infirm." *Id*. at 911 (emphasis ours).

The purpose of the mail notice requirement is to place creditors on notice, aimed not only at a general population of the failed institutions creditors, but to individual persons with claims against the closed institution. FDIC-R knew the names of all of the counterclaimants and of their legal representatives since the moment it made its first appearance as Receiver in the Commonwealth foreclosure action seeking to be substituted as plaintiff. Nevertheless, it made no attempt to mail a notice to them to present their claims by a specified date. It was clear at the time of its appearance that

CIVIL 15-1935CCC                    8

FDIC-R was pursuing a foreclosure action against the heirs of deceased Daniel Rosa Oquendo and that the members of his Estate were counterclaimants to whom the Receiver had to mail notice as required by section 1821(d)(3)(C)(ii).

In *Betancourt v. F.D.I.C.*, 851 F. Supp. 126 (S.D.N.Y. 1994), FDIC conceded it did not mail notice to a corporation which was a creditor of the failed institution, but had mailed notice to the corporation's director. The Court held that the corporation was not bound by FDIC's deadlines for submitting claims against the institution. The *Betancourt* Court reasoned that "[t]he statute mandates that FDIC 'shall mail a notice', and we decline the invitation to subvert the plain language of this provision by watering-down the receiver's obligation to put creditors on notice." *Id*. at 133.

The requirement for mailing notice is mandatory. FDIC-R has not advanced a single reason that would justify its failure to comply with the mail notice requirement. The only mailed notice was to deceased Daniel Rosa Oquendo, who was neither a defendant in the Commonwealth foreclosure action nor a claimant against Doral/FDIC-R since he passed away years before such action was even filed by Doral. When FDIC-R stepped in after Doral failed in 2015 and asked to be substituted as plaintiff "exclusively in relation to the counterclaim filed against Doral Bank," the parties against whom foreclosure was sought were members of the Estate of Daniel Rosa Oquendo, and these were the same persons who counterclaimed and were named in the caption of the case: his widow Ana Milagros Carreras Rosa and his children Yaritza Rosa Carreras, Ariel Rosa Carreras, Yamilka Rosa Carreras, José Luis

CIVIL 15-1935CCC                 9

Rosa Reyes and Daniel Rosa Reyes, as well as unknown heirs.[3] The Motion to Dismiss the Counterclaims (**d.e. 9**) has no legal or factual basis and is DENIED.

### III.  CONCLUSION

For the reasons stated, the Motion to Dismiss the Counterclaims (**d.e. 9**) is DENIED.  FDIC-R is ORDERED to administratively dispose of the claims set forth in the counterclaims filed on November 6, 2013 (d.e. 1-4) and February 26, 2014 (d.e. 1-6) NO LATER THAN **NOVEMBER 22, 2017**.  The case is STAYED during that period of time.  Once it elapses, the judicial process in this case will continue to run.

SO ORDERED.

At San Juan, Puerto Rico, on September 29, 2017.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge

---

[3] *See* d.e. 1-3, Motion for Substitution of Party.